# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SALVADOR FIGUEORA-ARIAS,<br><br>Defendant. | Case No. CR10-0090<br><br>ORDER FOR PRETRIAL DETENTION |

On the 24th day of September, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel Aaron Chatham. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## RELEVANT FACTS

On September 14, 2010, Defendant Salvador Figueora-Arias was charged by Indictment (docket number 8) with conspiracy to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on November 15, 2010.

David M. Hoagland, a special agent with U.S. Immigration and Customs Enforcement, testified regarding the circumstances underlying the instant charge. Special Agent Hoagland testified that Defendant's true name is Jacinto Rivera Mendoza. Defendant used Salvador Figueora-Arias as an alias. Defendant is illegally in the United States. He has been formally removed from the United States at least three times, in 1992, 2004, and 2005. Special Agent Hoagland indicated that Defendant's initial removal in 1992, was related to a drug conviction.

1

Steven Warner, an officer with the High Risk Unit of the Department of Correctional Services, and assigned to the DEA Task Force, also testified regarding the circumstances underlying the instant charge. In late July 2010, law enforcement placed a wiretap on a phone belonging to Defendant with the subscriber name, Salvador Figueora-Arias. In August 2010, law enforcement conducted a traffic stop on a vehicle in which Defendant was a passenger. Defendant produced a Mexican identification card bearing the name Salvador Figueora-Arias.

On September 20, 2010, law enforcement executed a search warrant at Defendant's residence in Des Moines, Iowa. Defendant was arrested and the residence was searched. Defendant produced several identification cards for the officers, including one with name Salvador Figueora-Arias. However, Defendant told officers that his true name was Jacinto Rivera Mendoza. The officers also found seven to nine pounds of methamphetamine, $24,000 in cash, and a drug ledger at Defendant's residence. On the same date, law enforcement executed a search warrant at the residence of Jesus Delrio, a co-defendant in this case. The officers found identification cards with Defendant's picture and the name Jacinto Rivera Mendoza at Delrio's residence.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this

2

determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, which is an offense found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

3

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. The weight of the evidence against Defendant is strong.

Defendant is in the United States illegally. He has been formally removed from the United States on at least three separate occasions. He has strong tries to Mexico. He has used Mexican identification cards with the alias Salvador Figueora-Arias. Defendant used the alias Salvador Figueora-Arias as the subscriber name on his phone. During the execution of a search warrant at the residence of Jesus Delrio, a co-defendant in this case, law enforcement found identification cards bearing Defendant's picture and his true name, Jacinto Rivera Mendoza. During the execution of a search warrant at Defendant's residence, Defendant told the officers that his true name was Jacinto Rivera Mendoza. Law enforcement also found seven to nine pounds of methamphetamine, $24,000 in cash, and a drug ledger. If convicted of the offense charged in the Indictment, Defendant faces a mandatory minimum of 10 years in prison. Based on Defendant illegally being in the United States, the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.[1]

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

---

[1] The Court notes that even if it determined that Defendant should not be detained pending trial, Defendant would be detained subject to an immigration detainer. Furthermore, Special Agent Hoagland testified that Defendant would not be eligible for release on bond on the immigration detainer because he was formally removed from the United States based on a criminal conviction.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 20, 2010) to the filing of this Ruling (September 24, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 24th day of September, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA